UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-75-SEB-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| GARRICK JORGENSEN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cr-00075-SEB-MJD |
| | ) | |
| GARRICK JORGENSEN, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant Garrick Jorgensen has filed two pro se motions that the Court construes as motions for compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 85, 94. Mr. Jorgensen seeks immediate release from incarceration. *Id.* For the reasons stated below, his motions are **DENIED**.

## I.
### BACKGROUND

On September 26, 2019, the Court sentenced Mr. Jorgensen to 204 months of imprisonment and 10 years of supervised release after he pleaded guilty to one count of distributing child pornography and one count of sexual exploitation of a child. Dkts. 78, 79. The Court also imposed 10 years of supervised release. *Id.* Judgment was entered on September 30, 2019. Dkt. 79.

On July 1, 2020, Mr. Jorgensen filed a pro se motion that the Court construed as a motion for compassionate release. Dkt. 85. The Court appointed counsel to represent Mr. Jorgensen. Dkt. 86. Counsel appeared on Mr. Jorgensen's behalf but later withdrew. Dkts. 88–90. After counsel withdrew, the Court informed Mr. Jorgensen that he must pursue his motion for compassionate

release pro se or obtain private counsel. Dkt. 91. It also concluded that his pro se motion lacked

sufficient information for the Court to conclude that he was entitled to compassionate release. *Id.*

The Court ordered Mr. Jorgensen to supplement his motion by completing and returning the

Court's form compassionate release motion. *Id.* On September 24, 2020, Mr. Jorgensen submitted

a pro se addendum to his motion. Dkt. 92. The Court concluded that the addendum still did not

show that Mr. Jorgensen was entitled to compassionate release and again directed him to complete

the Court's form compassionate release motion. Dkt. 93. On October 26, 2020, Mr. Jorgensen

returned a completed form compassionate release motion. Dkt. 94.[1]

## II.
### DISCUSSION

Mr. Jorgensen is 40 years old. He is now incarcerated at FCI Elkton in Lisbon, Ohio. As

of November 4, 2020, the Bureau of Prisons ("BOP") reports that FCI Elkton has 3 active COVID-

19 cases among inmates; it also reports that 9 inmates at FCI Elkton have died of COVID-19 and

that 915 have recovered from the virus. https://www.bop.gov/coronavirus/ (last visited Nov. 4,

2020). Mr. Jorgensen represents that he has served approximately 51 months of his sentence. Dkt.

94 at 3. According to the BOP website, Mr. Jorgensen's release date is January 21, 2031.

The Court understands Mr. Jorgensen to be arguing in his motions that he should be

released from incarceration because he has a medical condition (described as "compromised

immune system due to hernias") that puts him at risk for experiencing severe COVID-19 symptoms

and because he contracted COVID-19 while in custody at FCI Elkton. Dkt. 92; dkt. 94 at 4.[2] He

---

[1]The Court concludes that it does not require a response from the United States to decide the issues presented by Mr. Jorgensen's motion.

[2]The Court notes that Mr. Jorgensen's original motion, dkt. 85, appears to be a form that was provided to him and that it includes inaccurate information, such as a claim that Mr. Jorgensen is African-American, *see id.* at 14. Thus, the Court primarily relies on Mr. Jorgensen's other submissions (dkts. 92,

3

explains that he tested positive for COVID-19 in May 2020. Dkt. 92 at 1. It appears that Mr.

Jorgensen experienced, at most, mild symptoms, and he does not mention having any lingering

symptoms. Dkt. 94 at 5 ("[A]proximately 50 inmates were admitted to the hospital experiencing

serious COVID-19 symptoms with 30 of them placed on ventilators. At the same time,

approximately 100 additional inmates had either tested positive or had mild symptoms of the virus

and were placed in isolation, among which Mr. Jorgensen was one."); *see also id.* at 15 (answering

"no" when asked if he would require ongoing medical care if released from prison). He states that

he feared death after testing positive and that he is afraid of being reinfected with the virus. Dkt.

92 at 1; dkt. 94 at 7–9, 14. He also complains that FCI Elkton represents a "failed experiment in

preventing the spread of COVID-19." Dkt. 94 at 5.

18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion
> of the defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier, may reduce the term of imprisonment (and
> may impose a term of probation or supervised release with or without conditions
> that does not exceed the unserved portion of the original term of imprisonment),
> after considering the factors set forth in section 3553(a) to the extent that they are
> applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and
> that such a reduction is consistent with applicable policy statements issued by the
> Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied

---

94) because they appear to have been written by Mr. Jorgensen personally. Citations to dkt. 94 are to the
page numbers electronically "stamped" on the document when it was filed in CM/ECF.

and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[3] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Jorgensen is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

---

[3] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).[4]

---

[4]The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g.*, *United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g.*, *United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Jorgensen's motion is due to be denied even if the Court assumes that the policy statement is not binding and that it has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

Mr. Jorgensen does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. *See* dkt. 94 at 2.[5] Thus, the question is whether the catchall provision for extraordinary and compelling reasons applies in this case.

The Court concludes that it does not. Mr. Jorgensen contracted COVID-19 at least five months ago. He suffered at, most, mild symptoms and does not claim to be suffering from any lingering effects of the virus. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic).

Mr. Jorgensen's claim that he is likely to be reinfected with COVID-19 is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Nov. 2, 2020) ("Cases of reinfection of COVID-19 have been reported but are rare."). But, even if he can be reinfected, there is no reason to believe he will suffer severe symptoms if he catches the virus

---

[5]In his addendum, Mr. Jorgensen stated that he wants to be released so that he can care for his parents, both of whom are in poor health. Dkt. 92 at 2. He contended that the need to care for parents should be seen as analogous to need to care for a spouse, as set forth in Subsection (C). *Id.* In his most recently submitted form motion, he did not repeat the contention that his desire to care for his parents is an extraordinary and compelling reason warranting release. *See* dkt. 94. Thus, the Court understands him to have abandoned that argument. Regardless, this Court has consistently held that the desire to care for elderly or ailing parents is not an extraordinary and compelling reason warranting a sentence reduction because many inmates have parents for whom they might like to provide care. *See United States v. Sholar*, No. 1:95-cr-148-TWP-TAB-1, dkt. 72 at 6–7 (S.D. Ind. Oct. 7, 2020) (collecting cases).

again. Mr. Jorgensen claims to suffer from a compromised immune system because he has hernias, but the CDC (Centers for Disease Control and Prevention) does not list hernias as a condition that compromise the immune system and increase the risk for severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#immunocompromised-state (last visited Nov. 4, 2020). Mr. Jorgensen also has not provided any information to suggest that his hernias have, in fact, compromised his immune system. *See* https://www.cdc.gov/genomics/disease/primary_immunodeficiency.htm (listing signs of primary immunodeficiency) (last visited Nov. 4, 2020). The Court has consistently declined to find extraordinary and compelling reasons warranting a sentence reduction when a defendant does not suffer from a medical condition that increases the risk of severe COVID-19 symptoms, even when the defendant is incarcerated in a COVID-19 hotspot. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).[6]

To the extent that Mr. Jorgensen believes that officials at FCI Elkton have not handled the COVID-19 pandemic appropriately, he has not shown an extraordinary and compelling reason warranting a sentence reduction. Complaints about the BOP's handling of the pandemic at FCI Elkton could conceivably form the basis of a suit for civil relief, but they do not represent a reason to release Mr. Jorgensen from incarceration more than 10 years early.

---

[6]Mr. Jorgensen's initial motion stated that he has hypertension. *See* dkt. 85 at 14. But the motion appears to be a form, and Mr. Jorgensen's clam to having hypertension appeared in a sentence that also included the inaccurate claim that he is African-American. *Id.* Mr. Jorgensen did not repeat his claim to having hypertension in his addendum or his form motion. Dkts. 92, 94. Thus, the Court deems it abandoned. But, even if Mr. Jorgensen does have hypertension, that condition—standing alone—is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Jones*, No. 1:15-cr-92-JMS-MJD-1, dkt. 65 at 7–8 (S.D. Ind. Sept. 17, 2020) (reasoning that hypertension is an extremely common condition and that the CDC has not identified hypertension as a condition that definitely increases the risk of severe COVID-19 symptoms, but rather has identified it only as a condition that might increase risk).

Given the Court's determination that Mr. Jorgensen has not shown extraordinary and compelling reasons to justify his release, whether he poses a danger to another person or the community or whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, they also weigh against release. Mr. Jorgensen posted child pornography on the internet. Dkt. 65 at 5–7. His posts included videos of young children (including a toddler) being sexually abused. *Id.* at 5–6. Mr. Jorgensen also admitted to creating child pornography with his then two-year-old daughter. *Id.* at 7. The contents of a pornographic image found on his cellular telephone suggested that she had also been sexually abused by Mr. Jorgensen. *Id.* These are heinous crimes. Mr. Jorgensen's daughter is still a minor (approximately six years old), and Mr. Jorgensen exhibited significant conduct problems during his period of pre-trial detention. *See* dkt. 65 at 4, 11. Moreover, Mr. Jorgensen has served well under half of his sentence. Just over a year ago, the Court determined that a 204-month sentence was appropriate, and the risks Mr. Jorgensen faces from COVID-19 do not change that determination. On this record, the Court cannot conclude that Mr. Jorgensen is no longer a danger to another person or the community, and it cannot conclude that the § 3553(a) factors favor releasing him more than 10 years early.

### III.
#### CONCLUSION

For the reasons stated above, Mr. Jorgensen's motions for compassionate release, dkt. [85], and dkt. [94], are **denied**.

**IT IS SO ORDERED.**

Date:    11/10/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

9

Distribution:

All Electronically Registered Counsel

Garrick Jorgensen
Reg. No. 64217-060
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432